# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| VICTORIA BUTLER o/b/o T.B., | : | |
| Plaintiff, | : | |
| vs. | : | CA 16-0532-WS-MU |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the motion for authorization of attorney's fees filed pursuant to 42 U.S.C. § 406(b) (*see* Doc. 25), as amended (Doc. 26). Upon consideration of all pertinent materials contained in the file, it is determined that Petitioner should receive a reasonable fee in the amount of $5,627.86 under the Social Security Act for legal services rendered in this Court.

## FINDINGS OF FACT

William T. Coplin, Jr., Esquire, has been Plaintiff's representative since October 15, 2013 and has represented Victoria Butler o/b/o T.B. in connection with the claim for child's insurance benefits/supplemental security income. (*See* Doc. 25, Exhibit 1). Pursuant to the Attorney Fee Agreement executed by Butler on behalf of her daughter, Butler agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits owing T.B. following a favorable decision (*see id,* ATTORNEY FEE AGREEMENT, ¶¶ 3-5 & 7-8 ("We agree that if SSA favorably decides my claim at any

stage through the first hearing at the Administrative Law Judge (ALJ) level of appeal, I will pay my attorney a maximum fee of the lower of (a) 25% of past-due benefits or (b) $6,000.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(b). [] We agree that if SSA favorably decides my claim at the Appeals Council level; or at the ALJ hearing level <u>after</u> a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or SSI disability claims, regardless of the $6,000.00 limit. [] I understand that Social Security 'past-due benefits' are the total amount of money to which I, and any family members who qualify on my account, become entitled through the month before the month SSA makes a favorable administrative decision on my Social Security claim; and that Supplemental Security Income (SSI) 'past-due benefits' are the total amount of money for which I become eligible through the month SSA makes a favorable administrative decision on my SSI claim. . . . [] If my case is appealed to Federal Court, and if the Court orders the Social Security Administration to pay attorney fees under the Equal Access to Justice Act, such fees shall belong to my attorney to the extent permitted by law. [] If I am approved for SSI benefits only, I agree to pay my attorney a maximum fee of the lower of (a) 25% of past-due benefits or (b) $6,000.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(b), as soon as I receive those funds. That money will be held in a client escrow account until any period for protest of the fee has expired, or until, if applicable, a Fee Petition has been approved.")).

Following remand proceedings (see Doc. 19 (order remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that T.B. (the minor child of Victoria Butler) was entitled to supplemental security income benefits commencing May 9, 2013, the date the application for benefits was filed (Doc. 25, Exhibit 2, at 10).

The amount of past-due SSI benefits the Social Security Administration determined T.B. was entitled to receive totals $46,511.43 (Doc. 25, Exhibit 3, 2); twenty-five percent (25%) of those past-due benefits is $11,627.86. The Petitioner has represented in the present motion, as amended, that he "has petitioned the Social Security Administration for a fee of $6,000.00[]" (Docs. 25 & 26), for services rendered before the administration (see Doc. 25, Exhibit 4, PETITION TO OBTAIN APPROVAL OF A FEE FOR REPRESENTING A CLAIMANT BEFORE THE SOCIAL SECURITY ADMINISTRATION).

Petitioner has submitted to this Court an itemized statement regarding the time spent before this Court pursuing Plaintiff's claim. (Doc. 26, Exhibit 6.) The total time delineated therein is 8.45 hours. (*Id.*)

Petitioner requests that this Court approve an attorney's fee in the amount of $5,627.86 for services rendered in court,[1] which represents the remainder of 25% of the

---

[1] This is the actual number Petitioner has requested, as follows: "William T. Coplin, Jr., hereby petitions the Court for an order setting attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $3,995.74, with a credit to plaintiff for the EAJA fees previously paid in the amount of $1,632.12. . . . Counsel moves for an order paying the fee of $3,995.74, which represents 25% of the past due benefits less the statutory fee petitioned for [of $6,000.00 for services rendered before the SSA] and less the EAJA fee already paid." (Doc. 26.) In other words, $3,995.74 added to $1,632.12 totals $5,627.86. And when this number is added to the $6,000.00 Petitioner has requested from the SSA, a total of $11,627.86 is generated, which is

past-due SSI benefits to which the Social Security Administration has determined T.B. entitled under the Social Security Act, following subtraction of the $6,000.00 fee Petitioner expects to receive from the Administration for services rendered before the Administration.

## **CONCLUSIONS OF LAW**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[2] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (emphasis in original; citations omitted); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits

---

25% of all past-due SSI benefits due and owing T.B.

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002). As noted in *Gisbrecht*, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.[3] . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807, 122 S.Ct. at 1828 (footnote added).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 808, 122 S.Ct. at 1828 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee

---

[3] "The prescriptions set out in § 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht,* 535 U.S. at 795-796, 122 S.Ct. at 1822 (citations omitted).

agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). *See Gisbrecht*, *supra*, 535 U.S. at 799 & 808-809, 122 S.Ct. at 1823-1824 & 1829.

The Social Security Administration has determined that the past-due SSI benefits to which T.B. is entitled to receive total $46,511.43 (*see* Doc. 25, Exhibit 3, at 2); twenty-five percent (25%) of this amount is $11,627.86. The contingency fee agreement which Victoria Butler o/b/o T.B. entered into on October 15, 2013 certainly contemplates attorney's fees of as much as twenty-five percent (25%) of the past-due SSI benefits awarded to T.B. (*see* Doc. 25, Exhibit 1, ATTORNEY FEE AGREEMENT, ¶ 3) and it is clear to the Court that the amount requested by Petitioner herein ($5,627.86), when combined with the $6,000.00 Petitioner expects to be awarded by the Administration, is not more than 25% of the past-due SSI benefits T.B. has been awarded in this case. Moreover, Petitioner did not delay this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[4] Given the length

---

[4] The request, when broken down, renders an hourly rate of $666.02.

of Petitioner's relationship with Plaintiff and the favorable results achieved by Petitioner for T.B., the undersigned considers the requested amount reasonable. Accordingly, the undersigned **RECOMMENDS** that the Court authorize Petitioner to receive, as a fee for services rendered before this Court, the sum of $5,627.86, which, when added to the $6,000.00 Petitioner expects to receive from the SSA, represents 25% of the total of past-due SSI benefits awarded T.B. If Petitioner receives a check from Victoria Butler o/b/o T.B. for the entire amount of the award ($5,627.86), he must then, of course, refund to the claimant the smaller attorney-fee award made in this case of $1,632.12 (*see* Doc. 24). *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see Watford, supra*, 765 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court."). However, Petitioner may, at his option, simply retain the smaller EAJA award ($1,632.12) and seek from Victoria Butler o/b/o T.B. the difference in the two awards, that is, $3,995.74 ($5,627.86-$1,632.12).

## **CONCLUSION**

The undersigned **RECOMMENDS** that Petitioner receive as an attorney's fee for services rendered in this Court the sum of $5,627.86 pursuant to 42 U.S.C. § 406(b).

Upon receipt of this sum from Plaintiff, Petitioner must refund to Victoria Butler o/b/o T.B. the smaller attorney-fee award made in this case of $1,632.12. Alternatively, Petitioner may simply retain the smaller EAJA award ($1,632.12) and seek from Plaintiff the difference in the two awards, that is, $3,995.74 ($5,627.86-$1,632.12).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

**DONE** this the 31st day of October, 2018.

     s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**